**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jay D. STREET, III,
Defendant-Appellant.**

No. 77–5028.

United States Court of Appeals,
Sixth Circuit.

Argued June 7, 1977.

Decided July 14, 1977.

Terrance R. Monnie, Cincinnati, Ohio (Court-appointed—CJA), for defendant-appellant.

Philip Van Dam, U. S. Atty., Gordon Gold, Cris Andreoff, Asst. U. S. Attys., Detroit, Mich., for plaintiff-appellee.

Before EDWARDS and CELEBREZZE, Circuit Judges, and ZIRPOLI,* Senior District Judge.

PER CURIAM.

This is an appeal from appellant's conviction for armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) (1970). He received a ten-year sentence.

The facts at trial in relation to the armed robbery were undisputed. Defendant admitted entering the bank, placing a knife at the back of a guard and taking possession of his service revolver and announcing a holdup. He said that he wasn't going to hurt anybody, but that he needed the money for personal problems.

On this appeal appellant's present counsel claims that appellant should be entitled to a new trial because 1) his counsel failed to file a proper notice of defense of insanity prior to trial, 2) the circumstances known to the court required the court *sua sponte* to

* Honorable Alfonso J. Zirpoli, Senior United States District Judge for the Northern District of California, sitting by designation.

order a psychiatric examination, and 3) that in any event, the District Court erred in refusing to instruct the jury on a defense of insanity.

We find no merit to the first and third of the issues stated above.

In relation to the second stated issue, however, in perhaps an excess of caution, we remand the case to the District Court to order a psychiatric examination.

In the event that the psychiatric examination results in no evidence of present mental illness under the rule of *United States v. Smith*, 404 F.2d 720 (6th Cir. 1968), and no evidence of mental illness at the time of the commission of the crime, the judgment of conviction will stand affirmed. If, on the other hand, the psychiatric examination does develop evidence of mental illness at the time of the commission of the crime or evidence of present mental illness of such probable duration as to date back to the date of the offense, and counsel represents that he intends to rely upon such factors in making a motion for a new trial, said motion for a new trial will be granted. *United States v. Taylor*, 437 F.2d 371 (4th Cir. 1971).